THE STATE EX REL. CHIME, APPELLANT, *v.* BOARD OF TRUSTEES OF POLICE AND FIREMEN'S DISABILITY AND PENSION FUND OF OHIO, APPELLEE.

[Cite as *State ex rel. Chime v. Bd. of Trustees of Police & Firemen's Disability & Pension Fund of Ohio* (1993), 68 Ohio St.3d 17.]

(No. 92–2364—Submitted September 22, 1993—Decided December 8, 1993.)

*Doyle, Lewis & Warner, John A. Borell* and *Kevin A. Pituch,* for appellant.

*Lee I. Fisher,* Attorney General, *Doug S. Musick* and *Lorraine M. Nestor,* Assistant Attorneys General, for appellee.

---

*Per Curiam.* Claimant asserts an entitlement to permanent total disability compensation. Claimant's challenge requires us to determine whether there is "some evidence," as *Kinsey v. Bd. of Trustees of Police & Firemen's Disability & Pension Fund of Ohio* (1990), 49 Ohio St.3d 224, 551 N.E.2d 989, requires, to support the denial of compensation for permanent total disability. The appellate court found that there was, and, for the reasons to follow, we affirm its judgment.

R.C. 742.01(G) defines "permanent disability" as:

"[A] condition of disability with respect to which the board of trustees of the police and firemen's disability and pension fund finds there is no present indication of recovery. * * *"

R.C. 742.01(F) describes "total disability" as:

"[I]nability to perform the duties of any gainful occupation for which the member of the fund is reasonably fitted by training, experience, and accomplishments, provided that absolute helplessness is not a prerequisite of total disability."

A determination of permanent total disability must, therefore, include consideration of all relevant medical and nonmedical factors. See, also, *State ex rel. Montague v. Police & Firemen's Disability & Pension Fund of Ohio* (1992), 78 Ohio App.3d 661, 605 N.E.2d 1009.

As to his vocational prospects, claimant is a thirty-year-old college student who plans to get a Ph.D. in psychology. As to his psychological impairment, Drs. Daniels and McCafferty forecast that claimant's work-related psychological condition will improve. As to his physical abilities, the medical evidence uniformly indicates a capacity for sedentary work. All of these factors and the evidence underlying them were discussed in the board's order, leaving it supported by "some evidence."

Claimant admits that he intends to pursue a career that is consistent with the sedentary limitations placed on him. Claimant argues that the board erred in considering his potential for future employment. He contends that the only relevant question is whether he can work *now*. Stressing that he has not yet completed his studies, claimant argues that there are no jobs within his current capacities and, accordingly, a finding of permanent total disability is warranted. Claimant's argument fails.

Claimant does not seek compensation merely for "total disability," he seeks compensation for *permanent* total disability. "Totality" demands an inability to perform gainful employment. "Permanency" requires that the "condition of disability" underlying the inability to work is one that will not improve. Considering these criteria together, "permanent total disability" implies an inability to *ever* work. A claimant who, as here, has re-employment potential does not meet the criteria for permanent total disability.

R.C. 742.37 supports our interpretation. Subsection (C)(2) orders that permanent total disability compensation continue until death. Since inability to work is a prerequisite to payment, Subsection (C)(2) obviously contemplates that the inability to work will never change.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.