THE STATE EX REL. WORRELL, APPELLANT, *v.* OHIO POLICE & FIRE PENSION FUND ET AL., APPELLEES.

[Cite as *State ex rel. Worrell v. Ohio Police & Fire Pension Fund*, 112 Ohio St.3d 116, 2006-Ohio-6513.]

*Mandamus — R.C. 742.38(D) — Statutory presumption that respiratory ailment was incurred while performing official duties does not arise when preemployment physical examination revealed evidence of the ailment.*

(No. 2006-0931 ─ Submitted November 15, 2006 ─ Decided December 27, 2006.)

APPEAL from the Court of Appeals for Franklin County, No. 05AP-490, 2006-Ohio-1301.

_____

**Per Curiam.**

{¶ 1} This is an appeal from a judgment granting a limited writ of mandamus to compel the Ohio Police and Fire Pension Fund and its board of trustees to issue a new decision granting or denying disability retirement benefits to the relator, identifying the evidence upon which the board relies, and providing a reasonable explanation for the decision.

{¶ 2} In August 2001, appellant, Charles Worrell Jr., applied for employment as a firefighter/medic with the Mifflin Township Fire Department. The township had Worrell undergo several medical tests as part of his preemployment physical examination. On Worrell's October 2001 preemployment chest x-ray report, the cardiologist noted that Worrell is an ex-smoker and that "[e]xam of the chest demonstrates suggests [sic] evidence of chronic lung disease with slight accentuation of the lung markings." An October 2001 pulmonary function report specified that Worrell "had difficulty performing

flow-volume loops properly." On October 8, 2001, a physician medically cleared Worrell to perform his job duties with the fire department. Worrell worked sporadically over the next month as a firefighter in Mifflin Township until early November 2001.

{¶ 3} Worrell applied for disability-retirement benefits with appellee Ohio Police and Fire Pension Fund in September 2002. Worrell listed the following disabling conditions in his application: left shoulder injury-sprain, neck sprain, concussion, and contusion of the face, scalp, and neck. Subsequent medical reports noted a respiratory impairment allegedly caused by two fires that he was ordered to fight without an oxygen mask when he was employed as a Mifflin Township firefighter.

{¶ 4} On March 29, 2005, appellee Board of Trustees of the Ohio Police & Fire Pension Fund found that Worrell was not disabled and denied him disability-retirement benefits. Worrell then filed a complaint in the Court of Appeals for Franklin County seeking a writ of mandamus to compel the fund and its board to vacate its findings of fact denying disability-retirement benefits and issue new findings of fact approving those benefits or, in the alternative, issue a new decision stating the reasons for denying Worrell's application.

{¶ 5} A court-appointed magistrate issued findings of fact and conclusions of law in November 2005 recommending that the court grant a limited writ of mandamus ordering the board to issue a decision either granting or denying Worrell's disability-retirement benefits, identifying the evidence upon which the board relied, and providing a reasonable explanation for the board's decision. The magistrate concluded that the limited writ was justified because "the board has failed to identify that evidence upon which it relied and failed to provide a reasonable explanation for its decision to deny [Worrell's] disability retirement."

{¶ 6} Worrell then filed an objection to the magistrate's decision. Worrell objected on the basis that "[t]he magistrate erred in failing to address [his] argument that [the fund's] disregard of R.C. 742.38(D)(3) constituted a clear abuse of discretion and, accordingly, that a full writ of mandamus was appropriate."

{¶ 7} The fund and the board also filed an objection to the magistrate's decision. They asserted that the magistrate should have recommended affirming the board's denial of Worrell's application for disability-retirement benefits instead of in effect remanding the case to the board.

{¶ 8} On March 28, 2006, the court of appeals overruled the parties' objections and granted the limited writ of mandamus recommended by the magistrate.

{¶ 9} This cause is now before the court upon Worrell's appeal as of right.[1]

{¶ 10} Because the final board decision is not appealable, mandamus is available to correct an abuse of discretion by the board in denying disability-retirement benefits. See, generally, *State ex rel. Lecklider v. School Emps. Retirement Sys.*, 104 Ohio St.3d 271, 2004-Ohio-6586, 819 N.E.2d 289, ¶ 18. See, also, *Kinsey v. Bd. of Trustees of Police & Firemen's Disability & Pension Fund of Ohio* (1990), 49 Ohio St.3d 224, 225, 551 N.E.2d 989; *State ex rel. Chime v. Bd. of Trustees of Police & Firemen's Disability & Pension Fund of Ohio* (1993), 68 Ohio St.3d 17, 19, 623 N.E.2d 32. "An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable." *State ex*

---

[1] Appellees did not appeal the court's issuance of a limited writ, so we do not consider the propriety of the court of appeals' holding that the board had a duty to issue a decision stating the basis for its denial. Cf. *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, ¶ 16-22 (no duty on the part of State Teachers Retirement System or State Teachers Retirement Board to state the basis for its denial of disability-retirement benefits; no statute or regulation requires it).

*rel. Stiles v. School Emps. Retirement Sys.*, 102 Ohio St.3d 156, 2004-Ohio-2140, 807 N.E.2d 353, ¶ 13.

{¶ 11} Worrell claims that the court of appeals erred in failing to find that the board abused its discretion by not applying the presumption set forth in R.C. 742.38(D)(3). Under this provision, "[a] member of the fund who is disabled as a result of heart disease or any cardiovascular or respiratory disease of a chronic nature, which disease or any evidence of which disease was not revealed by the physical examination passed by the member on entry into the department, is presumed to have incurred the disease while performing the member's official duties, unless the contrary is shown by competent evidence."

{¶ 12} Consequently, Worrell would be entitled to the presumption that his claimed respiratory ailment was incurred while performing his duties as a firefighter for Mifflin Township if no evidence of the disease had been revealed by the physical examination passed by him on entry to the job. Once the statutory presumption arises, competent evidence may be introduced to rebut it.

{¶ 13} As the court of appeals noted, the evidence before the board included a radiologist's preemployment report indicating that Worrell is an ex-smoker and that his chest x-ray demonstrated evidence of chronic lung disease. This constitutes sufficient evidence to prevent the applicability of the presumption set forth in R.C. 742.38(D)(3). The court of appeals therefore did not err in holding that the board did not abuse its discretion in failing to apply this statutory presumption. The board did not act in an unreasonable, arbitrary, or unconscionable manner in so finding.

{¶ 14} Based on the foregoing, the court of appeals properly rejected Worrell's objection to the magistrate's decision. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

———————————

Charles Zamora, L.L.C., and Charles Zamora, for appellant.

Jim Petro, Attorney General, and John T. Williams, Assistant Attorney General, for appellees.

———————————