THE STATE EX REL. SCHAENGOLD, APPELLANT, *v.* OHIO PUBLIC
EMPLOYEES RETIREMENT SYSTEM ET AL., APPELLEES.

## [Cite as *State ex rel. Schaengold v. Ohio Pub. Emps. Retirement Sys.*, 114 Ohio St.3d 147, 2007-Ohio-3760.]

(No. 2006–1920—Submitted July 10, 2007—Decided August 8, 2007.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment denying a writ of mandamus to compel appellee, Ohio Public Employees Retirement System ("PERS"), to treat the service of an attorney employed as a temporary magistrate by a municipal court as that of a public employee entitled to PERS membership and credit. Because the retirement board did not abuse its discretion by determining that the attorney acted as an independent contractor rather than as a municipal court employee, we affirm.

{¶ 2} Appellant, Gary C. Schaengold, is an attorney licensed to practice law in Ohio since 1982. At times between 1986 and 2004, Schaengold served as a temporary magistrate for appellee Dayton Municipal Court. Schaengold did so at the request of the administrator of the Dayton Municipal Court during the absence of a full-time magistrate, and he was under no obligation to perform these services. In 2002, Schaengold was one of nine different attorneys who performed services as temporary magistrates for the Dayton Municipal Court.

{¶ 3} Schaengold's service as a temporary magistrate was pursuant to a bilateral contract that did not include fringe benefits like vacation or sick leave. He was not eligible for workers' compensation or unemployment compensation. Each time Schaengold served as a temporary magistrate, the Dayton Municipal Court appointed him by an entry signed by the administrative judge. The municipal court and appellee city of Dayton paid Schaengold a flat fee for his services in either full- or half-day increments. Schaengold was paid under a general purchase order between the city and the municipal court, which did not contain the names of any of the listed attorneys because the municipal court did not know who would be performing temporary magistrate services in any given year. Schaengold was never on the city or municipal court payroll, and neither the city nor the municipal court withheld PERS contributions on his behalf.

Schaengold was paid as little as $115.38 in 1986 and as much as $8,300 in 1999. For tax purposes, Schaengold was paid pursuant to an Internal Revenue Service form 1099 for independent contractors instead of a W–2 form for employees.

{¶ 4} During the time that he served as a temporary magistrate for the Dayton Municipal Court, Schaengold used his independent professional judgment in conducting hearings and issuing decisions. Schaengold was not subject to anyone else's direction or control. Schaengold was entitled to use court facilities and personnel when he served as a temporary magistrate.

{¶ 5} During the same period that Schaengold served as a temporary magistrate for the Dayton Municipal Court, he maintained a private law practice and represented private clients and appeared on their behalf in the Dayton Municipal Court.

{¶ 6} Before December 1999, Schaengold did not complain about the Dayton Municipal Court's practice of treating him as an independent contractor and not withholding PERS contributions on his behalf. In December 1999, however, Schaengold claimed that he was a public employee entitled to PERS contributions. In 2004, PERS issued a senior-staff determination that Schaengold was a public employee while serving as a part-time magistrate with the Dayton Municipal Court from 1986 to 2004 and was thus entitled to PERS membership and credit. On appeal to the PERS Board, the board concluded that Schaengold was not a public employee while performing service as a Dayton Municipal Court temporary magistrate and was not eligible for PERS coverage for that employment. In so concluding, the board "determined that the factors weighed more heavily in concluding that the service is more of that of an independent contractor rather than a public employee, including the facts that Mr. Schaengold is not required to report to the court on a daily basis, he has the option of passing on assignments if he has scheduling conflicts, and represents individual clients in the Dayton Municipal Court on days when he is not on the bench."

{¶ 7} Shortly thereafter, Schaengold filed a complaint in the Court of Appeals for Franklin County for a writ of mandamus to compel appellees, PERS, Dayton, and the Dayton Municipal Court, to treat his magistrate service as constituting public employment and to credit him with that service. The parties submitted briefs and stipulated evidence. A court-appointed magistrate recommended granting the requested writ of mandamus. Appellees filed objections to the magistrate's decision. In October 2006, the court of appeals sustained some of the objections and denied the writ. The court of appeals concluded that the retirement board did not abuse its discretion in determining that Schaengold was not a public employee subject to PERS.

{¶ 8} Schaengold asserts that the court of appeals erred in denying the requested writ of mandamus. "[M]andamus is an appropriate remedy where no

statutory right of appeal is available to correct an abuse of discretion by an administrative body." *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, ¶ 14. Because there is no statutory right to appeal the retirement board's denial of service credit, mandamus is an appropriate remedy. *State ex rel. Van Dyke v. Pub. Emps. Retirement Bd.*, 99 Ohio St.3d 430, 2003-Ohio-4123, 793 N.E.2d 438, ¶ 20; R.C. 145.01(A) ("In all cases of doubt, the public employees retirement board shall determine whether any person is a public employee, and its decision is final"); Ohio Adm.Code 145–1–11(D) ("The retirement board's decision on any determination conducted pursuant to this rule shall be final and determinative"). In order to be entitled to the requested writ of mandamus, Schaengold had to establish that the board abused its discretion by denying his request for PERS service credit for his time served as a temporary magistrate with the Dayton Municipal Court. *Van Dyke* at ¶ 21; *State ex rel. Mallory v. Pub. Emps. Retirement Bd.* (1998), 82 Ohio St.3d 235, 239, 694 N.E.2d 1356. An abuse of discretion exists when a decision is unreasonable, arbitrary, or unconscionable. See *State ex rel. Worrell v. Ohio Police & Fire Pension Fund*, 112 Ohio St.3d 116, 2006-Ohio-6513, 858 N.E.2d 380, ¶ 10.

{¶ 9} Under R.C. 145.01(A)(3), a public employee for purposes of PERS membership includes "an employee of a public employer," and "[c]redit for such service shall be included as total service credit, provided that the employee makes the payments required by this chapter, and the employer makes the payment required by sections 145.48 and 145.51 of the Revised Code."

{¶ 10} Nevertheless, the R.C. 145.01(A) definition of public employee does not include any person who "is employed on a contractual basis as an independent contractor under a personal service contract with a public employer." R.C. 145.012(A)(1). For purposes of R.C. Chapter 145, an "independent contractor" is a person who:

{¶ 11} "(a) Is a party to a bilateral agreement which may be a written document, ordinance, or resolution that denies the compensation, rights, obligations, benefits and responsibilities of both parties;

{¶ 12} "(b) Is paid a fee, retainer or other payment by contractual arrangement for particular services;

{¶ 13} "(c) Is not eligible for workers' compensation or unemployment compensation;

{¶ 14} "(d) May not be eligible for employee fringe benefits such as vacation or sick leave;

{¶ 15} "(e) Does not appear on a public employer's payroll;

{¶ 16} "(f) Is required to provide his own supplies and equipment, and provide and pay his assistants or replacements if necessary;

{¶ 17} "(g) Is not controlled or supervised by personnel of the public employer as to the manner of work; and

{¶ 18} "(h) Should receive an Internal Revenue Service form 1099 for income tax reporting purposes." Ohio Adm.Code 145–1–42(A)(2) (formerly 145–5–15).

{¶ 19} As the court of appeals concluded, a "clear legal right to a writ of mandamus exists when the board is found to have abused its discretion by entering an order that is not supported by some evidence." 2006-Ohio-5093, 2006 WL 2789921, ¶ 33. See, e.g., *Kinsey v. Bd. of Trustees of Police & Firemen's Disability & Pension Fund of Ohio* (1990), 49 Ohio St.3d 224, 225, 551 N.E.2d 989; see, also, *State ex rel. Peyton v. Schumacher* (Nov. 16, 2000), Franklin App. No. 00AP–78, 2000 WL 1715901, *1, and *Gerchak v. Pub. Emps. Retirement Bd.* (Sept. 15, 1998), Franklin App. No. 98AP–325, 1998 WL 635313, *2, applying the same standard to uphold Public Employees Retirement Board determinations that claimants were independent contractors rather than public employees.

{¶ 20} There is sufficient evidence here to support the board's determination that Schaengold was an independent contractor rather than a public employee when he served as a temporary magistrate for the Dayton Municipal Court. Schaengold was paid a flat fee by bilateral contract for services performed, was not eligible for workers' compensation, unemployment compensation, or employee fringe benefits, did not appear on either the city's or municipal court's payroll, was not controlled or supervised in conducting hearings or in issuing decisions, and received IRS form 1099 for tax purposes. See Ohio Adm.Code 145–1–42. Although he was not required to provide a replacement when he could not serve, the board found that under his contract, he could decline assignments if he had scheduling conflicts.

{¶ 21} Moreover, as emphasized by the board, Schaengold was not required to report to the court on a daily basis and continued to represent clients before the Dayton Municipal Court. If Schaengold had been considered an employee—even a part-time one—of the municipal court, he would have been precluded from practicing law before that court. Sections (A) and (B)(2) of Compliance with the Code of Judicial Conduct (a part-time magistrate "[s]hall not practice law in the court on which he or she serves or in any court subject to the appellate jurisdiction of the court on which he or she serves"); Board of Commissioners on Grievances and Discipline, Opinion No. 98–3 (Apr. 3, 1998) ("A part-time magistrate of a common pleas court may not practice law in the court on which he or she serves or on which the appointing judge serves").

{¶ 22} Finally, the authorities cited by Schaengold in support of his appeal, which include a New Jersey appellate decision involving a municipal court judge,

*Rokos v. New Jersey, Dept. of Treasury* (App.Div.1989), 236 N.J.Super. 174, 564 A.2d 1217, and two Ohio Attorney General Opinions that do not address the dispositive issue here, Ohio Atty.Gen.Ops. Nos. 2004–030 and 90–089, are inapposite.

{¶ 23} Based on the evidence introduced by the parties, the board did not act in an unreasonable, arbitrary, or unconscionable manner in concluding that Schaengold acted as an independent contractor rather than as a public employee when he was employed as a temporary magistrate for the Dayton Municipal Court. Therefore, the court of appeals properly denied the requested extraordinary relief in mandamus. By so holding, we accord the board the deference to which it is entitled in interpreting the statutes and administrative rules. See, e.g., *Northwestern Ohio Bldg. & Constr. Trades Council v. Conrad* (2001), 92 Ohio St.3d 282, 289, 750 N.E.2d 130. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, LANZINGER and CUPP, JJ., concur.

O'DONNELL, J., concurs in judgment only.

---

Gary C. Schaengold, pro se.

Marc Dann, Attorney General, and Laura Erebia Parsons, Assistant Attorney General, for appellee Ohio Public Employees Retirement System.

Patrick J. Bonfield, Dayton Director of Law, and John C. Musto, Assistant City Attorney, for appellees city of Dayton and Dayton Municipal Court.