Brown, C.J.,
dissenting.
{¶ 6} I respectfully dissent from the judgment affirming the denial of an award of statutory damages to appellant, inmate Lambert Dehler, in his public-records mandamus case.
*311 {¶ 7} In this appeal, Dehler asserts that the court of appeals erred in refusing to award him statutory damages. The court of appeals granted a writ of mandamus to compel appellees to provide access to the requested prison library records, but it denied Dehler’s request for statutory damages because unrelated records requests that were the subject of a separate mandamus action by Dehler had been held by the court to lack merit.
{¶ 8} For the following reasons, the court of appeals erred in refusing to award Dehler $1,000 in statutory damages in accordance with R.C. 149.43(C)(1).
{¶ 9} First, the court of appeals granted a writ of mandamus to compel appellees to immediately satisfy Dehler’s request for prison library records. As the court of appeals itself determined, Dehler “submitted a proper written request for public records,” appellees “failed to perform their legal duties under R.C. 149.43(B) to provide access to those records,” and appellees’ “improper refusal to satisfy the ‘library’ request continued longer than a period of ten days.” State ex rel. Dehler v. Kelly, Trumbull App. No. 2009-T-0084, 2010-Ohio-3053, 2010 WL 2636549, ¶ 43. Appellees did not appeal from the court of appeals’ judgment granting the writ. Thus, we cannot consider their claims insofar as they suggest that Dehler was not entitled to the requested records because, inter alia, Dehler did not proffer prepayment for copies. See State ex rel. Worrell v. Ohio Police & Fire Pension Fund, 112 Ohio St.3d 116, 2006-Ohio-6513, 858 N.E.2d 380, ¶ 9, fn. 1 (“Appellees did not appeal the court’s issuance of a limited writ, so we do not consider the propriety of the court of appeals’ holding that the board had a duty to issue a decision stating the basis for its denial”). Instead, in the absence of a timely cross-appeal by appellees from the granting of the writ, we must necessarily presume the propriety of the issuance of the writ in our determination of whether the court of appeals erred in denying Dehler’s request for statutory damages.
{¶ 10} Second, “R.C. 149.43(C)(1) provides for statutory damages of $100 for each business day during which the public office failed to comply with the public-records law, up to a maximum of $1,000,” and because more than ten business days have elapsed from the date Dehler filed this mandamus action and he still has not been provided access to the requested records, the $1,000 maximum award is applicable. State ex rel. Doe v. Smith, 123 Ohio St.3d 44, 2009-Ohio-4149, 914 N.E.2d 159, ¶ 45.
{¶ 11} Third, nothing in R.C. 149.43(C)(1) authorizes a court to deny or reduce an award of statutory damages based on the court of appeals’ stated basis of a lack of merit for a different public-records request that is the subject of a separate public-records mandamus case instituted by the same relator. Rather, the focus for denying or reducing an otherwise mandatory award of statutory damages to a prevailing party in a public-records mandamus case is on the *312 conduct of the public-records custodians that constitutes a failure to comply with R.C. 149.43(B) in that case and not in a separate public-records mandamus case. R.C. 149.43(C)(1)(a) and (b). The court of appeals thus erred in denying Dehler’s request for statutory damages based on the purported impropriety of his records request in State ex rel. Dehler v. Spatny, 11th Dist. No. 2009-T-0075, 2010-Ohio-3052, 2010 WL 2636552, a separate mandamus case.
Lambert Dehler, pro se.
Richard Cordray, Attorney General, and Ashley D. Rutherford, Assistant Attorney General, for appellees.
{¶ 12} Fourth, the court of appeals also erred in relying on the supposed overbreadth of Dehler’s records request in Spatny because, as I note in my separate opinion in Dehler’s appeal from the court of appeals’ judgment in that case, his request for prison quartermaster records at TCI was not overbroad. State ex rel. Dehler v. Spatny, 127 Ohio St.3d 312, 2010-Ohio-5711, — N.E.2d — (Brown, C.J., dissenting).
{¶ 13} Finally, this interpretation of R.C. 149.43(C)(1) is supported by its plain language and our duties to “construe the Public Records Act liberally in favor of broad access and resolve any doubt in favor of disclosure of public records.” State ex rel. Rocker v. Guernsey Cty. Sheriffs Office, 126 Ohio St.3d 224, 2010-Ohio-3288, 932 N.E.2d 327, ¶ 6.
{¶ 14} Therefore, because the court of appeals erred in not awarding Dehler $1,000 in statutory damages, reversal of the judgment is required. Thus, I dissent from the judgment affirming the court of appeals’ denial of statutory damages.