[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. T.B. v. Mackey*, Slip Opinion No. 2022-Ohio-2493.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-2493

THE STATE EX REL. T.B. ET AL. *v.* MACKEY.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. T.B. v. Mackey*, Slip Opinion No. 2022-Ohio-2493.]

*Procedendo—Writ sought to compel probate-court judge to lift a stay in an adoption proceeding—Writ granted, and probate-court judge ordered to appoint counsel to represent indigent biological mother in adoption proceedings within 30 days.*

(No. 2022-0421—Submitted July 12, 2022—Decided July 21, 2022.)

IN PROCEDENDO.

————————————

**Per Curiam.**

{¶ 1} Relators, T.B. and A.S., seek a writ of procedendo to compel respondent, Franklin County Probate Court Judge Jeffrey Mackey, to lift a stay in Franklin County Probate Court case No. 599040 and proceed with their adoption petition. We hereby grant the writ and order Judge Mackey to appoint counsel to

represent K.T. in the adoption proceeding within 30 days of the date of this decision.

**Background**

**{¶ 2}** In July 2019, T.B. and A.S. filed a petition in the Franklin County Probate Court to adopt Z.W.D., a minor child born in September 2016. The adoption petition identified K.T. as Z.W.D.'s biological mother and represented that K.T.'s consent to the adoption was not required, because she had failed without justifiable cause to have more than de minimis contact with the child or to provide maintenance and support for at least one year prior to the filing of the petition. The petition indicated that no one had registered as Z.W.D.'s putative father.

**{¶ 3}** K.T. objected to the adoption. And in August 2019, N.D., claiming to be Z.W.D.'s biological father, also filed an objection to the adoption. After a status conference a few months later, the probate court scheduled a hearing on the issue of consent for January 2020. Due to errors by N.D.'s counsel and the fact that he was incarcerated at the time of the hearing, N.D. was unable to participate in the January hearing. He filed a motion for a new hearing, which the probate court granted.

**{¶ 4}** The probate court rescheduled the hearing on the issue of consent for February 2021. However, N.D. passed away before the hearing. The probate court thereafter converted the February hearing date to a status conference.

**{¶ 5}** In December 2020, we held that indigent parents have a constitutional right to counsel in adoption proceedings in probate court. *In re Adoption of Y.E.F.*, 163 Ohio St.3d 521, 2020-Ohio-6785, 171 N.E.3d 302, ¶ 33. K.T. was initially represented by counsel in the adoption proceeding, but she discharged her counsel in April 2021. In May 2021, K.T. asked the probate-court magistrate to appoint counsel to represent her because she was indigent. In an entry dated June 9, 2021, the magistrate wrote:

> [T]his court is still developing the procedures necessary to determine [K.T.'s] indigency status. Accordingly, this matter is hereby STAYED.
>
> Once the appropriate procedures have been developed, the court will send [K.T.] an application for indigent status via regular mail and will contact the parties to schedule a status conference.

(Capitalization sic.)

{¶ 6} On August 18, 2021, the probate court mailed an application form to K.T. to request counsel and gave her 30 days from the date of receipt to complete and return the form. K.T.'s completed form was notarized on September 17 and received by the probate court on September 28.

{¶ 7} In October, the probate court determined that K.T. was indigent. Six months later, the probate court issued an entry explaining that it had created a system for recruiting and appointing indigent counsel in adoption cases and that it was engaged in "ongoing efforts to find counsel to represent [K.T.]."

{¶ 8} The probate court has only five attorneys on its appointment list eligible to represent to K.T. At the time her application was approved, K.T. was 12th in line for appointed counsel. As of May 2022, K.T. had advanced to 4th on the list to receive appointed counsel.

**Procedural history**

{¶ 9} In April 2022, T.B. and A.S. filed the present complaint for a writ of procedendo. At the time, the probate court's stay had been in effect for ten months. T.B. and A.S. alleged that the probate court's stay to allow K.T. to apply for indigent representation was unreasonable, arbitrary, and unconscionable, given that she had just discharged her private counsel. On May 2, we denied Judge Mackey's

motion to dismiss and granted an alternative writ. 166 Ohio St.3d 1487, 2022-Ohio-1445, 186 N.E.3d 824.[1]

**Legal analysis**

{¶ 10} Procedendo is an extraordinary remedy, "issued by a court of superior jurisdiction, ordering a lower court to proceed to judgment in a case." *State ex rel. St. Sava Serbian Orthodox Church of Cleveland v. Riley*, 36 Ohio St.2d 171, 174, 305 N.E.2d 808 (1973). Procedendo will lie when a trial court has refused to render, or has unduly delayed rendering, a judgment. *State ex rel. Crandell, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180, 184, 652 N.E.2d 742 (1995). To be entitled to a writ of procedendo, a relator must show a clear legal right to require the trial court to proceed, a clear legal duty on the part of the trial court to proceed, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512, 21 N.E.3d 303, ¶ 9.

{¶ 11} T.B. and A.S. devote their merit brief to challenging the probate court's original decision to stay the adoption proceedings to allow K.T. to submit an application for indigent status. Procedendo will lie if a judge has erroneously stayed a proceeding. *State ex rel. Charvat v. Frye*, 114 Ohio St.3d 76, 2007-Ohio-2882, 868 N.E.2d 270, ¶ 15. " 'The determination of whether to issue a stay of proceedings generally rests within the court's discretion and will not be disturbed absent a showing of an abuse of discretion.' " *Id*. at ¶ 16, quoting *State ex rel. Verhovec v. Mascio*, 81 Ohio St.3d 334, 336, 691 N.E.2d 282 (1998). A court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner. *State ex rel. Worrell v. Ohio Police & Fire Pension Fund*, 112 Ohio St.3d 116, 2006-Ohio-6513, 858 N.E.2d 380, ¶ 10.

{¶ 12} Given our decision in *Y.E.F.*, 163 Ohio St.3d 521, 2020-Ohio-6785, 171 N.E.3d 302, that indigent parents have a constitutional right to counsel in

---

1. At the same time, we granted a motion to dismiss in part and dismissed the claim for a writ of prohibition against Franklin County Juvenile Court Judge James Brown.

adoption proceedings, the probate court acted within its discretion when it stayed the proceedings and accepted K.T.'s application for indigent status. But our concern at this time is why, nine months after confirming K.T.'s indigency status, the court has yet to appoint counsel for her. While we appreciate the difficulties the probate court may be encountering in locating qualified counsel willing to serve, we nevertheless hold that it is an abuse of discretion to allow a time-sensitive adoption proceeding to languish for such a long time. This matter has been pending for three years at the time of this opinion. The probate court should take all reasonable steps, including contacting the county public defender's office and practitioners who appear often before the probate court, to identify potential counsel. Given the urgency of the matter, we order the probate court to appoint counsel for K.T. within 30 days of this decision.

Writ granted.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Kuhn Limited and Ryan D. Kuhn, for relators.

G. Gary Tyack, Franklin County Prosecuting Attorney, and Amy L. Hiers and Andrea C. Hofer, Assistant Prosecuting Attorneys, for respondent.

_____