THE STATE EX REL. YOUNG, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Young v. Indus. Comm.* (1997), 79 Ohio St.3d 484.]

(No. 95–727—Submitted August 26, 1997—Decided September 24, 1997.)

486

*Samuels & Northrop Co., L.P.A.,* and *Joseph M. Reidy,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Yolanda V. Vorys,* Assistant Attorney General, for appellee.

*Per Curiam.* We are once again asked to determine whether the commission abused its discretion in denying claimant's application for permanent total disability compensation. For the reasons to follow, we find that the commission did not abuse its discretion and affirm the judgment of the court of appeals.

Claimant initially asserts that there is no evidence supporting the commission's conclusion that claimant is medically capable of sedentary work. She argues that Dr. Rammohan's report is so internally inconsistent as to require its disqualification under *State ex rel. Lopez v. Indus. Comm.* (1994), 69 Ohio St.3d 445, 633 N.E.2d 528. We disagree.

Claimant initially suggests that Dr. Rammohan's findings dictate a higher impairment percentage than the thirty-seven percent impairment he assessed. Claimant's assertion, however, would require us to second-guess the medical expertise of Dr. Rammohan, which we decline to do.

Claimant's reliance on *Lopez* is also misplaced. In *Lopez*, we determined that the commission could not reasonably rely on a physician's report that, despite a fifty percent impairment rating, found the claimant capable of heavy foundry labor. The present situation is not analogous. Rather than a high degree of impairment, the present claimant's impairment is more moderate at thirty-seven percent. The present claimant, moreover, was not released to heavy employment, which would arguably be inconsistent with her level of impairment. Instead, she was limited to sedentary work. No comparable inconsistency, therefore, exists.

Claimant also alleges inconsistencies in Dr. Rammohan's discussion of claimant's cancer and in his assessment of capability for sedentary employment despite claimant's use of a wheelchair. As to the former, we find any alleged inconsistencies to be irrelevant to the central question before us—whether claimant's allowed conditions prevent sustained remunerative employment. As to the latter, we do not find sedentary employment to be irreconcilable with claimant's occasional use of a wheelchair.

We find that Dr. Rammohan's report is evidence supporting the commission's conclusion that claimant can do sedentary work. Our analysis, therefore, turns to claimant's second proposition of law—that the commission's nonmedical analysis does not satisfy *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245. We find this argument to be unpersuasive as well.

The commission did not abuse its discretion in finding that claimant's age, education and work experience made her amenable to retraining or re-employment. *State ex rel. Ellis v. McGraw Edison Co.* (1993), 66 Ohio St.3d 92, 609 N.E.2d 164. While it would have been preferable for the commission to have discussed how claimant's work history contributed to its conclusion, this deficiency does not compel vacation of the order, given the sufficiency of claimant's other cited nonmedical factors to explain the commission's conclusion. Thus, the commission's analysis, while brief, meets *Noll'*s minimum criteria.

The judgment of the court of appeals is accordingly affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

F.E. SWEENEY, J., dissents and would reverse the judgment of the court of appeals.