**[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 484.]**

THE STATE EX REL. YOUNG, APPELLANT, *v*. INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Young v. Indus. Comm.*, 1997-Ohio-162.]

*Workers' compensation—Industrial Commission does not abuse its discretion in denying claimant's application for permanent total disability compensation, when.*

(No. 95-727—Submitted August 26, 1997—Decided September 24, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD03-341.

————————————

{¶ 1} Appellant-claimant, Colleen J. Young, injured her low back in the course of and arising from her employment with the Franklin County Board of Mental Retardation and Developmental Disabilities. Claimant's workers' compensation claim was allowed, and she eventually moved appellee Industrial Commission of Ohio for permanent total disability compensation.

{¶ 2} Among the evidence before the commission was the report of Dr. Kottil W. Rammohan. He concluded:

"Claimant is now 51 yrs. of age and sustained a back injury at 47 yrs. of age. This resulted in aggravation of a pre-existing back problem that resulted in radiculopathy [a]ffecting L4-5 areas requiring surgery. The results after surgery have been disappointing and has [*sic*] been complicated by the discovery of carcinoma of the breast with metastasis. Additional implications are related to the presence of underlying diabetes melitus [*sic*] requiring insulin. She has retinopathy and neuropathy. Examination identified significant discomfort and limitations of movement of the back.

"Opinion: Based on the findings of [*sic*] the history and my evaluation[,] as well as the review of her file, it is my opinion that this claimant has achieved

maximum medical improvement of her injury to the back. She suffers from an L4-5 radiculopathy by history and the limitations of motion identified at this examination are compatible with this injury. Formal muscle testing was precluded by pain and discomfort. The impairment is a direct consequence of the injury sustained by her on 5/12/89. According to the guide to the evaluation of permanent impairment, revised third edition, from the AMA, I would consider her to have a type 2-B impairment of the back, constituting a 10% impairment of the whole person. * * * Additionally, it is appropriate to give her a 30% impairment for pain. Using the combined values chart[,] this would give her a total impairment of 37% of the person as a whole. Regarding the contusion of the back of the head and neck[,] I would consider her to have 0% impairment. On the basis of the pain and limitations, I would consider her unsuitable for her previous occupation. But she would be able to perform sedentary type of occupation requiring a maximum lifting of 10 lbs. and frequent lifting of less than 10 lbs. In an 8 hr. day her standing and walking should be restricted to no more than 2 hrs. Bending, stooping, kneeling and crawling should be restricted. Upper extremity functions are completely unrestricted.

"Although from the physical limitations standpoint she would be capable of performing sedentary type[s] of occupation, factors other than the allowed conditions would influence her ability to work. Specifically, I'm addressing the issue of cancer with metastasis and severe diabetes. These would render her unsuitable for any occupation."

{¶ 3} The commission denied permanent total disability compensation, writing:

"* * * This order is based particularly upon the reports [*sic*] of Dr. Rammohan.

"Claimant is 52 years of age. She has a high school education and attended Columbus Technical Institute [f]or certification as a mental health technician.

Claimant's past work experience is as a trainer of adult mentally retarded individuals, at which position she sustained her injury; as a hospital aide, and as a restaurant worker.

"Claimant was injured when she fell on a wet floor while training individuals. Claimant underwent a laminectomy at L4-5 in 1989. On 5/4/93, claimant was examined by Dr. Kottil W. Rammohan, M.D., Orthopedist, at the Industrial Commission's request. Dr. Rammohan confined his examination to the condition allowed in claimant's industrial injury. Dr. Rammohan finds that claimant has a 37% impairment of the body as a result of his [*sic*] industrial injury and when only the allowed conditions are considered, claimant is capable of sedentary form[s] of employment, with standing and working restrictions to two hours per eight hour day, and bending, stooping, kneeling and crawling restricted. Claimant has full use of her upper extremities. Dr. Rammohan goes on to state that claimant's unrelated conditions of breast cancer with metastasis and severe diabetes are quite disabling, and as a result of these unrelated conditions, she is unsuitable for any occupation.

"Claimant's age of 52 years, her demonstrated academic proficiency and her past work experience all suggest that she has the ability to retrain for other typed [*sic*] of employment within the physical capacities enumerated by Dr. Rammohan. Claimant's inability to work is not related to the allowed conditions. For these reasons[,] claimant's application must be denied."

{¶ 4} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying permanent total disability compensation. The court of appeals disagreed and denied the writ.

{¶ 5} This cause is now before this court upon an appeal as of right.

_____

*Samuels & Northrop Co., L.P.A.*, and *Joseph M. Reidy*, for appellant.

*Betty D. Montgomery,* Attorney General, and *Yolanda V. Vorys,* Assistant Attorney General, for appellee.

_____

***Per Curiam.***

**{¶ 6}** We are once again asked to determine whether the commission abused its discretion in denying claimant's application for permanent total disability compensation. For the reasons to follow, we find that the commission did not abuse its discretion and affirm the judgment of the court of appeals.

**{¶ 7}** Claimant initially asserts that there is no evidence supporting the commission's conclusion that claimant is medically capable of sedentary work. She argues that Dr. Rammohan's report is so internally inconsistent as to require its disqualification under *State ex rel. Lopez v. Indus. Comm*. (1994), 69 Ohio St.3d 445, 633 N.E.2d 528. We disagree.

**{¶ 8}** Claimant initially suggests that Dr. Rammohan's findings dictate a higher impairment percentage than the thirty-seven percent impairment he assessed. Claimant's assertion, however, would require us to second-guess the medical expertise of Dr. Rammohan, which we decline to do.

**{¶ 9}** Claimant's reliance on *Lopez* is also misplaced. In *Lopez*, we determined that the commission could not reasonably rely on a physician's report that, despite a fifty percent impairment rating, found the claimant capable of heavy foundry labor. The present situation is not analogous. Rather than a high degree of impairment, the present claimant's impairment is more moderate at thirty-seven percent. The present claimant, moreover, was not released to heavy employment, which would arguably be inconsistent with her level of impairment. Instead, she was limited to sedentary work. No comparable inconsistency, therefore, exists.

**{¶ 10}** Claimant also alleges inconsistencies in Dr. Rammohan's discussion of claimant's cancer and in his assessment of capability for sedentary employment despite claimant's use of a wheelchair. As to the former, we find any alleged

inconsistencies to be irrelevant to the central question before us—whether claimant's allowed conditions prevent sustained remunerative employment. As to the latter, we do not find sedentary employment to be irreconcilable with claimant's occasional use of a wheelchair.

{¶ 11} We find that Dr. Rammohan's report is evidence supporting the commission's conclusion that claimant can do sedentary work. Our analysis, therefore, turns to claimant's second proposition of law—that the commission's nonmedical analysis does not satisfy *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245. We find this argument to be unpersuasive as well.

{¶ 12} The commission did not abuse its discretion in finding that claimant's age, education and work experience made her amenable to retraining or re-employment. *State ex rel. Ellis v. McGraw Edison Co.* (1993), 66 Ohio St.3d 92, 609 N.E.2d 164. While it would have been preferable for the commission to have discussed how claimant's work history contributed to its conclusion, this deficiency does not compel vacation of the order, given the sufficiency of claimant's other cited nonmedical factors to explain the commission's conclusion. Thus, the commission's analysis, while brief, meets *Noll'*s minimum criteria.

{¶ 13} The judgment of the court of appeals is accordingly affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

F.E. SWEENEY, J., dissents and would reverse the judgment of the court of appeals.

———————————