[Cite as *State ex rel. Grein v. Ohio State Hwy. Patrol Retirement Sys.*, 116 Ohio St.3d 344, 2007-Ohio-6667.]

THE STATE EX REL. GREIN, APPELLANT, *v.* OHIO STATE HIGHWAY

PATROL RETIREMENT SYSTEM, APPELLEE.

[Cite as *State ex rel. Grein v. Ohio State Hwy. Patrol Retirement Sys.*,

**116 Ohio St.3d 344, 2007-Ohio-6667.**]

*Ohio State Highway Patrol Retirement System —Disability-retirement benefits —*

*Determinations of temporary total disability by Industrial Commission or*

*of appointing authority in involuntarily separating employee from*

*employment not pertinent to State Highway Patrol Retirement System's*

*denial of disability-retirement benefits.*

(No. 2007-1175─Submitted December 12, 2007 ─ Decided December 19, 2007.)

APPEAL from the Court of Appeals for Franklin County,

No. 06AP-506, 171 Ohio App.3d 406, 2007-Ohio-2322.

_____

**Per Curiam.**

**{¶ 1}** This is an appeal from a judgment denying a writ of mandamus to compel appellee, the Ohio State Highway Patrol Retirement System, to grant disability-retirement benefits to a former state trooper. Because the court of appeals did not abuse its discretion in denying the writ when there was sufficient evidence to support the retirement system's decisions to deny benefits, we affirm.

**{¶ 2}** Between April 1997 and September 2002, appellant, Michele Grein, was involved in four automobile accidents, including two that occurred while she was on duty as a trooper employed by the Ohio State Highway Patrol. In May 2003, Grein applied to the retirement system for disability-retirement benefits. Grein claimed that injuries she sustained to her left shoulder and back from a September 27, 2002 on-duty patrol-car crash limited her ability to work as

a trooper. The board of trustees for the retirement system denied Grein's application in July 2003.

{¶ 3} In October 2003, Grein filed a second application for disability-retirement benefits. In this application, Grein again sought benefits because of the injuries she had sustained while on duty in the September 2002 accident, but she included a psychiatric report diagnosing an adjustment disorder with features of anxiety and depression resulting from the accident. Before the board ruled on Grein's second application, the Ohio Department of Public Safety decided to involuntarily separate Grein from her employment as a state trooper effective December 2003, based on medical evidence that her disability rendered her unable to perform her job duties. In January 2004, the board denied Grein's second application for disability-retirement benefits.

{¶ 4} In February 2006, the Industrial Commission awarded Grein temporary total disability compensation retroactive to April 19, 2004, based on medical evidence that she suffered from posttraumatic stress disorder relating to her September 2002 work accident. Grein requested that the retirement system reconsider its decisions to deny her applications for disability-retirement benefits, but the board denied the request.

{¶ 5} In May 2006, Grein filed a petition in the Court of Appeals for Franklin County for a writ of mandamus to compel the retirement system to grant her disability-retirement benefits retroactive to her original date of disability. The retirement system filed an answer, and the parties filed evidence and briefs. In May 2007, the court of appeals denied the writ.

Mandamus

{¶ 6} In her appeal as of right, Grein asserts that the court of appeals erred in denying the writ of mandamus. Mandamus is the appropriate remedy for Grein to seek relief from the State Highway Patrol Retirement System's denial of her applications for disability-retirement benefits because R.C. 5505.18 does not

provide for an appeal from the retirement board's determinations on the applications. *State ex rel. Moss v. Ohio State Hwy. Patrol Retirement Sys.*, 97 Ohio St.3d 198, 2002-Ohio-5806, 777 N.E.2d 259, ¶ 6; R.C. 5505.18(A) ("The board shall determine whether the member qualifies for disability retirement and its decision shall be final").

**{¶ 7}** Therefore, the dispositive issue is whether Grein established a clear legal right to the requested disability-retirement benefits and a clear legal duty on the part of the retirement system to provide the benefits. *Moss* at ¶ 7. In order to establish these requirements, Grein had to prove that the retirement system abused its discretion by denying her applications for disability-retirement benefits. See, e.g., *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, ¶ 14 ("mandamus is an appropriate remedy where no statutory right of appeal is available to correct an abuse of discretion by an administrative body"). An abuse of discretion exists when a decision is unreasonable, arbitrary, or unconscionable. *State ex rel. Worrell v. Ohio Police & Fire Pension Fund*, 112 Ohio St.3d 116, 2006-Ohio-6513, 858 N.E.2d 380, ¶ 10.

The Retirement System's Decisions Are

Supported by Sufficient Evidence

**{¶ 8}** Grein asserts that the retirement system abused its discretion by denying her applications for disability-retirement benefits because she had presented evidence establishing her physical and mental disabilities, including posttraumatic stress disorder.

**{¶ 9}** Grein's assertion lacks merit. As long as there is sufficient evidence to support the retirement-system board's decisions, we will not disturb them. See *State ex rel. Schaengold v. Ohio Pub. Emps. Retirement Sys.*, 114 Ohio St.3d 147, 2007-Ohio-3760, 870 N.E.2d 719, ¶ 19-20. A member of the State Highway Patrol Retirement System is eligible for disability retirement if the member "becomes totally and permanently incapacitated for duty in the employ

of the state highway patrol." R.C. 5505.18(A). In making this determination, the retirement-system board "shall consider the written medical or psychological report, opinions, statements, and other competent evidence." Id.

{¶ 10} The medical evidence submitted to the board included the reports of Claire V. Wolfe, M.D., and Richard H. Clary, M.D. Dr. Wolfe, an orthopedist, diagnosed Grein as suffering from chronic myofascial pain syndrome without any significant objective structural abnormalities. Dr. Wolfe concluded that by September 2003, after physical therapy for her shoulder and back, Grein should be sufficiently recovered to resume her duties as a state trooper. Dr. Clary, a psychiatrist, diagnosed Grein as having adjustment disorder with mixed features of anxiety and depression. Dr. Clary concluded that Grein's mild anxiety and depression would not prohibit her from working and did not cause any long-term disability.

{¶ 11} Because this evidence is sufficient to support the retirement system's decision to deny Grein disability-retirement benefits, the retirement system did not abuse its discretion in this regard.

Retirement System Is Not Bound by

Decisions of Other Agencies

{¶ 12} Grein also argues that the retirement system's denials of her applications for disability-retirement benefits were unlawful because they conflicted with the determinations of the Department of Public Safety in involuntarily separating her from employment and the Industrial Commission in granting her temporary total disability. Grein's argument fails because she cites no statute or rule that makes these actions pertinent to a decision by the Board of the State Highway Patrol Retirement System determining whether a member is entitled to disability-retirement benefits.

{¶ 13} " 'It is axiomatic that in mandamus proceedings, the creation of the legal duty that a relator seeks to enforce is the distinct function of the *legislative*

4

*branch of government*, and courts are not authorized to create the legal duty enforceable in mandamus." (Emphasis sic.) *State ex rel. Stiles v. School Emps. Retirement Sys.*, 102 Ohio St.3d 156, 2004-Ohio-2140, 807 N.E.2d 353, ¶ 15, quoting *Pipoly,* 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, at ¶ 18. There is no duty imposed by the General Assembly on state retirement systems to apply inapplicable law governing determinations by other state agencies in deciding an application for disability-retirement benefits. See, e.g., *State ex rel. Schwaben v. School Emps. Retirement Sys.* (1996), 76 Ohio St.3d 280, 285, 667 N.E.2d 398; *Fair v. School Emps. Retirement Sys.* (1978), 53 Ohio St.2d 118, 121, 7 O.O.3d 192, 372 N.E.2d 814.

**{¶ 14}** Moreover, the retirement board's decision under R.C. 5505.18 whether a member is "totally and permanently incapacitated for duty in the employ of the state highway patrol" differs from a state appointing authority's decision to involuntarily separate an employee from employment based on disability when the employee "is incapable of performing the essential job duties of the employee's assigned position due to a disabling illness, injury, or condition" under former Ohio Adm.Code 123:1-33-02. 1999-2000 Ohio Monthly Record 1280, eff. Feb. 13, 2000. The first determination requires a finding of permanent incapacity, while the second decision does not. See former Ohio Adm.Code 123:1-33-04, which gives an employee involuntarily separated from state employment due to disability the opportunity to apply for reinstatement upon submission of substantial, credible medical evidence that the employee is capable of performing the essential portions of the employee's job duties. 1998-1999 Ohio Monthly Record 1956, eff. Apr. 5, 1999.

**{¶ 15}** Similarly, a determination of *temporary* total disability by the Industrial Commission does *not* require a finding of *permanent* incapacity. Cf. *Stiles* at ¶ 18-20 (determination by School Employees Retirement System of disability retirement is distinct from Industrial Commission's decision in

determining permanent total disability and the Social Security Administration's determination of Social Security disability).

{¶ 16} Therefore, the retirement system did not abuse its discretion in declining to rely on the decisions of the Department of Public Safety and the Industrial Commission in determining Grein's applications for disability-retirement benefits.

Conclusion

{¶ 17} The retirement system did not act in an unreasonable, arbitrary, or unconscionable manner by deciding to deny Grein's applications for disability-retirement benefits, and Grein did not establish that she was entitled to the requested extraordinary relief in mandamus. We affirm the judgment of the court of appeals denying the writ.

Judgment affirmed.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

PFEIFER and LANZINGER, JJ., concur in judgment only.

_____

Dworken & Bernstein Co., L.P.A., and Richard N. Selby, for appellant.

Marc Dann, Attorney General, and Jason E. Boyd, Assistant Attorney General, for appellee.

_____