THE STATE EX REL. MARCHIANO, APPELLANT, *v.* SCHOOL
EMPLOYEES RETIREMENT SYSTEM, APPELLEE.

[Cite as *State ex rel. Marchiano v. School Emps. Retirement
Sys.*, 121 Ohio St.3d 139, 2009-Ohio-307.]

(No. 2008–1301—Submitted January 21, 2009—Decided February 3, 2009.)

---

**Per Curiam.**

{¶ 1} This is an appeal from a judgment denying a writ of mandamus to compel appellee, School Employees Retirement System ("SERS"), to vacate its decision denying the application of appellant, Barbara Marchiano, for disability-retirement benefits. Because SERS did not abuse its discretion in denying the application, we affirm.

### Injury and Initial Treatment

{¶ 2} In December 1997, while employed as an elementary school instructional aide, Marchiano was injured when, as she was standing up from a squatting position, an autistic child jumped on her, knocking her backwards. As she fell, she struck the back of her head on a desk. Marchiano's original medical evaluation indicated that she had strained her neck and back. She was given pain medication, and no further treatment was recommended. She returned to work shortly thereafter. When her pain did not go away, she received chiropractic treatment. An MRI in 2001 revealed that Marchiano had a "small central disc protrusion at C6–7" with "minimal cord impingement." Marchiano was then given epidural steroid injections and also received physical therapy, which was partially successful in relieving her pain. Since receiving an occipital nerve block in April 2004, however, she has experienced numbness and constant pain. She has been prescribed many medications, including a narcotic pain reliever. She last worked in April 2004.

### Disability–Retirement Application and Administrative Proceedings

{¶ 3} Marchiano filed an application for disability-retirement benefits with SERS in July 2005. Her treating physician, Christopher Sweeney, M.D., listed Marchiano's disabling medical condition as cervical disc disease, with underlying

medical conditions of occipital neuralgia, opioid tolerance, and myofascial pain. Dr. Sweeney certified that Marchiano "is physically and/or mentally incapacitated for a period of *at least the next 12 months* and is unable to perform the duty for which [she was] formerly responsible as a school employee." (Emphasis sic.)

{¶ 4} Marchiano also submitted a report of Ann Tuttle, M.D., whose diagnosis was similar to that of Dr. Sweeney. But Dr. Tuttle also diagnosed "[s]ignificant psychosocial distress related to [Marchiano's] pain and disability," prompting her to recommend reevaluation of Marchiano "from both a surgical as well as a psychological standpoint."

{¶ 5} SERS ordered an independent medical examination for Marchiano by Paul J. Cangemi, M.D., an orthopedist. Dr. Cangemi noted that his physical examination revealed that most of Marchiano's functions were within normal limits. He diagnosed her with "[a]cute cervical strain, resolved," "[m]ild degenerative disc disease cervical spine with no evidence of radiculopathy or myelopathy noted," "[o]pioid tolerance," "[s]omatoform pain disorder," and "[o]ccipital neuralgia, moderate in severity." Dr. Cangemi further noted that Marchiano had been "taking rather large doses of Kadian without significant pain relief," that he agreed that Marchiano "shows evidence of a significant psycho-social distress related to her pain and disability," and that she was disabled:

{¶ 6} "Dr. Christopher Sweeney has indicated * * * that he considers her to be disabled for at least the next 12 months as a result of he following conditions: 1) Cervical disc diseases, 2) Occipital neuralgia, 3) Opioid tolerance, 4) Myofascial pain. Considering the fact that these are conditions for which I was asked to make a determination, I would concur that she is disabled on this basis. I realize that the main symptom is that of pain which is very difficult to measure. I would not state that she is disabled on the basis of cervical disc diseases but, since I am forced to consider the other conditions listed above, I think therefore that the pain has to be considered a disabling feature."

{¶ 7} After a review of the medical records, the members of the medical advisory committee were concerned about the lack of objective medical findings to support the claimed disability. The committee recommended a psychiatric evaluation of Marchiano. SERS referred her to James Hawkins, M.D., a psychiatrist, for an evaluation.

{¶ 8} According to Hawkins's report, during the evaluation, Marchiano "expressed an interest to get off her medications because she doesn't believe they are helping the pain" and she said that they make her "feel stupid." Dr. Hawkins concluded that Marchiano did not meet the medical criteria to support a diagnosis of somatization disorder and made the following additional findings:

{¶ 9} "1. Medical records do not provide objective findings to support her chronic pain complaints. Typically, acute cervical strain will resolve within a few months to a year. The symptoms attributed to occipital neuralgia seem extreme.

{¶ 10} "2. Mrs. Marchiano is taking significant amounts of narcotics and other medications that are causing cognitive slowing and her depressed mood. She believes the medications are not effective and would like to discontinue them. I would concur and believe that detoxification from these substances would give a more accurate picture of her true disabilities.

{¶ 11} "3. I have read the job description of an Instructional Aide. Her cognitive dysfunction would likely prevent completion of her duties. I think it is possible that she could return to work within 12 months if she were detoxified, thus I cannot support her disability.

{¶ 12} "4. Certification of Medical Examiner—I hereby certify that the applicant is not incapacitated (physically and/or mentally) as an Instructional Aide and is able to perform the duty for which [she was] formally responsible as a school employee as of 7/11/05 and for a continued period of at least 12 months.

{¶ 13} "5. I would be happy to re-exam[ine] Mrs. Marchiano once she is detoxified from addictive substances."

{¶ 14} The medical advisory committee recommended that Marchiano's application be denied. The SERS retirement board then denied her application.

{¶ 15} Marchiano appealed the decision and submitted additional evidence in support of her appeal. In a letter submitted by her attorney over five months after her evaluation by Dr. Hawkins, Marchiano claimed that Dr. Hawkins had appeared predisposed to think she was a "junkie," as he had repeatedly called her that during his examination of her and had treated her in a demeaning manner, including asking Marchiano if her lawyer, and not a doctor, had sent her to a psychologist to treat her depression. In her personal appearance before the board, Marchiano testified that Dr. Hawkins had treated her in an unprofessional manner during the examination, being "really nasty" to the point that she simply agreed with him to get out of the room.

{¶ 16} The medical advisory committee unanimously recommended that Marchiano's appeal be denied. In December 2006, the SERS retirement board upheld its original decision to deny her disability-retirement application.

## Mandamus Case

{¶ 17} In June 2007, Marchiano filed a complaint in the Court of Appeals for Franklin County for a writ of mandamus to compel SERS to vacate its decision denying her application and to grant her claim for disability-retirement benefits. After SERS filed an answer, Marchiano filed a motion to allow additional discovery in the case, which the court of appeals denied. Marchiano had sought

to conduct the discovery to demonstrate Dr. Hawkins's alleged bias. After the parties filed a certified record of the administrative proceedings and briefs, the court denied the writ.

{¶ 18} This cause is now before the court upon Marchiano's appeal as of right.

{¶ 19} Marchiano requests a writ of mandamus to vacate the SERS decision denying her application for disability-retirement benefits. "The Public School Employees Retirement System was established for the purpose of providing retirement allowances and other benefits to public school employees other than teachers." *State ex rel. McMaster v. School Emps. Retirement Sys.* (1994), 69 Ohio St.3d 130, 133, 630 N.E.2d 701, citing 1 Baker & Carey, Ohio School Law (1993) 399, Section 8.25. Under R.C. 3309.39(C), to be entitled to disability-retirement benefits, an SERS member must be "mentally or physically incapacitated for the performance of the member's last assigned primary duty as an employee by a disabling condition either permanent or presumed to be permanent for twelve continuous months following the filing of an application." "Because there is no provision for appealing a final SERS decision, mandamus is available to correct any abuse of discretion by SERS." *State ex rel. Stiles v. School Emps. Retirement Sys.*, 102 Ohio St.3d 156, 2004-Ohio-2140, 807 N.E.2d 353, ¶ 13. "An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable." Id.

## Additional Standard of Review

{¶ 20} Marchiano does not challenge the foregoing standard for reviewing an appeal from a final SERS decision. Instead, she argues that the court of appeals erred in applying an additional "some evidence" standard of review.

{¶ 21} Marchiano's claim lacks merit. We have recognized that "[a]s long as there is sufficient evidence to support [a] retirement-system board's decisions, we will not disturb them." *State ex rel. Grein v. Ohio State Highway Patrol Retirement Sys.*, 116 Ohio St.3d 344, 2007-Ohio-6667, 879 N.E.2d 195, ¶ 9; see also *Kinsey v. Bd. of Trustees of Police & Firemen's Disability & Pension Fund of Ohio* (1990), 49 Ohio St.3d 224, 225, 551 N.E.2d 989 ("A clear legal right exists where the [retirement] board abuses its discretion by entering an order which is not supported by 'some evidence' "); *State ex rel. Schaengold v. Pub. Emps. Retirement Sys.*, 114 Ohio St.3d 147, 2007-Ohio-3760, 870 N.E.2d 719, ¶ 19 (same).

{¶ 22} Marchiano alleges that fiduciary duties imposed on SERS require the application of the general abuse-of-discretion standard, but she cites no relevant authority supporting her claim. Notably, as SERS persuasively argues, although Marchiano suggests that the application of the "some evidence" standard as an adjunct to the general standard could lead to affirmation of SERS decisions that would be reversed under an abuse-of-discretion standard, she cites no case in

which this outcome has occurred. In fact, in disability-retirement cases, we continue to apply the general abuse-of-discretion standard to determine whether SERS has abused its discretion on legal issues that do not involve the resolution of conflicting evidence. See, e.g., *State ex rel. Lecklider v. School Emps. Retirement Sys.*, 104 Ohio St.3d 271, 2004-Ohio-6586, 819 N.E.2d 289, ¶ 24–29 (SERS did not abuse its discretion in denying disability-retirement applicant's request for a personal appearance); *Stiles*, 102 Ohio St.3d 156, 2004-Ohio-2140, 807 N.E.2d 353, ¶ 14–15 (SERS did not abuse its discretion by not including a vocational analysis in its disability-retirement determination).

### Lack of Administrative Duty to Explain Decision

{¶ 23} Marchiano claims that she is entitled to the requested writ of mandamus to compel the SERS retirement board to specifically state the evidence it relied upon and explain its reasons for denying her application for disability-retirement benefits. As we recently reiterated, however, there is no duty to do so under existing statutes and "[a]lthough it may be preferable from a policy standpoint that a retirement board explain its reasoning for its decision, the General Assembly is the final arbiter of public policy." *State ex rel. VanCleave v. School Emps. Retirement Sys.*, 120 Ohio St.3d 261, 2008-Ohio-5377, 898 N.E.2d 33, ¶ 26–27. "It is axiomatic that in mandamus proceedings, the creation of the legal duty that a relator seeks to enforce is the distinct function of the *legislative branch of government*, and courts are not authorized to create the legal duty enforceable in mandamus." (Emphasis sic.) *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, ¶ 18. Therefore, SERS has no duty to specify the evidence it relied upon and explain its reasons for denying Marchiano's application.

### Denial of Discovery

{¶ 24} Marchiano asserts that the court of appeals erred in denying her motion to conduct limited discovery in the mandamus case for the purpose of establishing that Dr. Hawkins is not a competent and disinterested physician as required by R.C. 3309.39(C). To be sure, discovery is generally permissible in mandamus actions. See *State ex rel. Wright v. Ohio Adult Parole Auth.* (1996), 75 Ohio St.3d 82, 85, 661 N.E.2d 728, quoting R.C. 2731.09 ("Issues of fact raised by the pleadings in mandamus actions 'must be tried, and further proceedings thereon had, in the same manner as in civil actions' ").

{¶ 25} But in a mandamus proceeding challenging a retirement system's denial of disability-retirement benefits, the applicable inquiry is whether the retirement system abused its discretion in denying the benefits. See *VanCleave*, 120 Ohio St.3d 261, 2008-Ohio-5377, 898 N.E.2d 33, at ¶ 22. SERS could not have abused its discretion based on evidence that was never presented to it. Cf. *State ex rel.*

*Stoll v. Logan Cty. Bd. of Elections,* 117 Ohio St.3d 76, 2008-Ohio-333, 881 N.E.2d 1214, ¶ 40 ("a claim that the board of elections abused its discretion or clearly disregarded applicable law could not be based on evidence that was never presented to it").

{¶ 26} Moreover, Marchiano had an adequate remedy by way of the administrative proceedings before the SERS retirement board to raise her claim that Dr. Hawkins was not competent or disinterested, and did so, at least in part. See *State ex rel. Pontillo v. Pub. Emps. Retirement Sys.,* 98 Ohio St.3d 500, 2003-Ohio-2120, 787 N.E.2d 643, ¶ 25 (disability-retirement claimant had adequate remedy by way of administrative proceedings before retirement board to submit additional medical evidence in support of claim and thus was not entitled to a writ of mandamus to compel the board to accept this evidence).

{¶ 27} Therefore, the court of appeals did not err in denying Marchiano's request for limited discovery.

### Competent and Disinterested Physician

{¶ 28} Under R.C. 3309.39(C), a "[m]edical examination of [an SERS] member who has applied for a disability benefit shall be conducted by a *competent disinterested physician* or physicians selected by the retirement board to determine whether the member is mentally or physically incapacitated for the performance of the member's last assigned primary duty as an employee by a disabling condition either permanent or presumed to be permanent for twelve continuous months following the filing of an application." (Emphasis added.) Although "competent" and "disinterested" are not defined in the statute, the "ordinary meaning of 'competent' is 'possessed of or characterized by marked or sufficient aptitude, skill, strength, or knowledge,' and 'disinterested' means '[f]ree from bias, prejudice, or partiality.'" See *Pontillo,* 98 Ohio St.3d 500, 2003-Ohio-2120, 787 N.E.2d 643, ¶ 41 (interpreting a similarly worded statute for a disability-retirement claim under the Public Employees Retirement System), quoting Webster's Third New International Dictionary (1986) 463, and Black's Law Dictionary (7th Ed.1999) 481.

{¶ 29} Marchiano claims that SERS abused its discretion in relying on Dr. Hawkins's report because he was neither competent nor disinterested. Marchiano contends that Dr. Hawkins was not competent to render opinions outside his area of expertise (psychiatry), i.e., he was not competent to suggest that Marchiano's pain medications should be discontinued. As the court of appeals correctly observed, however, "Dr. Hawkins did not offer an opinion on the necessity of pain medication for relator. Rather, he opined that the medications were impeding any ability to accurately determine if there was an underlying disabling condition because the medications were causing relator's cognitive dysfunction and depressed mood." *State ex rel. Marchiano v. School Emps.*

*Retirement Sys.*, 10th Dist. No. 07AP–486, 2008-Ohio-2798, 2008 WL 2348816, ¶ 13. In fact, Marchiano herself opined that she did not think the medications were helping her pain and were making her "feel stupid."

{¶ 30} Insofar as Dr. Hawkins may have provided opinions outside his expertise concerning when Marchiano's acute cervical strain should have resolved or the apparent extreme symptoms attributed to her occipital neuralgia, there is no evidence that the SERS retirement board relied on those opinions. In fact, the medical advisory committee confined its discussion of Dr. Hawkins's report to (1) his conclusions that Marchiano did not meet the medical criteria for somatization disorder and that she was not incapacitated, which are opinions that he clearly was competent to give, and (2) his recommendation of detoxification.

{¶ 31} Marchiano next claims that Dr. Hawkins was biased against her because he is a professional witness whose testimony in previous cases indicates that he shapes his testimony in favor of the party paying him and that he exhibited hostility toward Marchiano during his evaluation of her. But Marchiano waived any argument concerning her contention that Dr. Hawkins was not a disinterested medical examiner due to a financial relationship with SERS because she never raised it in the proceedings before the retirement system. As we previously stated, SERS could not have abused its discretion based on an argument that was never presented to it. See *Stoll*, 117 Ohio St.3d 76, 2008-Ohio-333, 881 N.E.2d 1214, ¶ 40.

{¶ 32} And although Marchiano did raise before the SERS retirement board her contention that Dr. Hawkins's treatment of her during his consultative examination showed that he was biased, nothing in Dr. Hawkins's report indicates that he considered her to be a junkie or treated her in an unprofessional manner, and the retirement board was free to reject Marchiano's contention.

{¶ 33} Therefore, SERS did not abuse its discretion insofar as it determined that Dr. Hawkins was a competent and disinterested physician qualified to conduct an examination of the disability-retirement applicant.

### Dr. Hawkins's Medical Opinion

{¶ 34} Finally, Marchiano argues that SERS could not have relied on Dr. Hawkins's report, because his medical opinions were equivocal. We have previously held in the context of a workers' compensation case that "equivocal medical opinions are not evidence." *State ex rel. Eberhardt v. Flxible Corp.* (1994), 70 Ohio St.3d 649, 657, 640 N.E.2d 815. "[E]quivocation occurs when a doctor repudiates an earlier opinion, renders contradictory or uncertain opinions, or fails to clarify an ambiguous statement. Ambiguous statements, however, are considered equivocal only while they are unclarified." Id.

{¶ 35} But as the court of appeals correctly held, Dr. Hawkins's opinion that Marchiano's cognitive dysfunction was caused by the medications she was taking was unequivocal and was supported by Marchiano's own statements to him. Marchiano states that Dr. Hawkins's report ambiguously referred to 12 months as a date of possible return to work if she were detoxified. Even if there is ambiguity as to whether the 12 months was tied to the date of the evaluation instead of the date of her disability-retirement application, Dr. Hawkins ultimately clarified this by certifying that Marchiano was not incapacitated physically and/or mentally as an instructional aide and is able to perform her previous duty as a school employee *as of the date of her application* and for a continued period of at least 12 months.

{¶ 36} Therefore, SERS did not abuse its discretion in relying on Dr. Hawkins's medical opinions.

## Conclusion

{¶ 37} Based on the foregoing, because Marchiano failed to establish that SERS abused its discretion in denying her application for disability-retirement benefits, the court of appeals properly denied the requested extraordinary relief in mandamus. Thus, we affirm the judgment of the court of appeals.[1]

Judgment affirmed.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

PFEIFER, J., dissents with opinion.

LANZINGER, J., dissents.

_____

**PFEIFER, J., dissenting.**

{¶ 38} I believe that the School Employees Retirement System ("SERS") acted unreasonably in denying Barbara Marchiano's application for disability-retirement benefits. I would reverse the court of appeals and grant the writ of mandamus.

{¶ 39} As the majority acknowledges, Marchiano's treating physician, Christopher Sweeney, M.D., concluded that Marchiano "is physically and/or mentally incapacitated for a period of *at least the next 12 months* and is unable to perform the duty for which [she was] formerly responsible as a school employee."

---

1. We deny appellant's motion for oral argument. The parties' briefs are sufficient to resolve this appeal. *State ex rel. Mowen v. Mowen,* 119 Ohio St.3d 462, 2008-Ohio-4759, 895 N.E.2d 163, ¶ 18, fn. 1.

(Emphasis sic.) Marchiano also submitted the medical opinion of Ann Tuttle, M.D., which, according to the majority opinion, "was similar to that of Dr. Sweeney." Nevertheless, SERS ordered another medical examination. Paul J. Cangemi, M.D., was selected by SERS to examine Marchiano. He concluded that she was disabled for at least the next 12 months. Confronted with three independent medical diagnoses, all reaching the same conclusion—that Marchiano was disabled—it would have been reasonable for the members of SERS's medical advisory committee to conclude that Marchiano was disabled for at least 12 months. Instead, they recommended a psychiatric evaluation of Marchiano.

{¶ 40} Accordingly, James Hawkins, M.D., evaluated Marchiano and found, among other things, that Marchiano's "cognitive dysfunction would likely prevent completion of her duties." Even so, he also stated: "I think it is possible that she could return to work within 12 months if she were detoxified, thus I cannot support her disability."

{¶ 41} I conclude that the medical advisory committee's decision to rely on one psychiatrist's conclusion that Marchiano's medical condition might improve under certain circumstances instead of on the definitive conclusions reached by three independent doctors that Marchiano was disabled was unreasonable. The SERS retirement board denied Marchiano's application without explanation. I conclude that that decision was unreasonable because of the board's unstated reliance on the medical advisory committee's unreasonable decision; there was no other evidence that supported denying Marchiano's application before the board. I dissent.

Law Offices of Tony C. Merry, L.L.C., and Tony C. Merry, for appellant.

Richard Cordray, Attorney General, and Todd A. Nist, Assistant Attorney General, for appellee.