[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. R&L Carriers Shared Servs., L.L.C. v. Indus. Comm.,* Slip Opinion No. 2017-Ohio-5833.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-5833

THE STATE EX REL. R&L CARRIERS SHARED SERVICES, L.L.C., APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. R&L Carriers Shared Servs., L.L.C. v. Indus. Comm.,* Slip Opinion No. 2017-Ohio-5833.]

*Workers' compensation—Industrial Commission's decision granting permanent-total-disability compensation was supported by some evidence—Commission is not required to consider claimant's failure to participate in retraining when disability is based solely on medical impairment—Ohio Adm.Code 4121-3-09(A)(2) does not require commission to authorize depositions of witnesses.*

(No. 2016-0632—Submitted May 2, 2017—Decided July 19, 2017.)

APPEAL from the Court of Appeals for Franklin County, No. 14AP-1018, 2016-Ohio-1082.

_____

**Per Curiam**.

{¶ 1}   Appellant, R&L Carriers Shared Services, L.L.C. ("R&L"), appeals the judgment of the Tenth District Court of Appeals that granted a limited writ of

mandamus ordering appellee Industrial Commission to amend its order awarding permanent-total-disability compensation to adjust the start date of the benefits awarded to claimant-appellee Terry Phillips.

{¶ 2}　For the reasons that follow, we affirm the judgment of the court of appeals.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 3}　The claimant suffered a workplace injury in 2011, and his workers' compensation claim was allowed for "traumatic right biceps tendon tear, complex regional pain syndrome, major depressive disorder, single episode, severe without psychotic features with significant anxiety."

{¶ 4}　In 2013, the claimant applied for permanent-total-disability compensation.　R&L then filed a motion to depose two fact witnesses.　The commission denied R&L's motion.　A staff hearing officer later conducted a hearing on the merits of the permanent-total-disability application and concluded that the claimant was permanently and totally disabled, based on the reports of Amol Soin, M.D., Steven Rosen, D.O., and Norman Berg, Ph.D.　The hearing officer did not discuss any nonmedical disability factors.

{¶ 5}　R&L filed a complaint in mandamus in the Court of Appeals for the Tenth District arguing that the commission's order was not supported by the evidence.　R&L also argued that it had a clear legal right to conduct prehearing depositions.　R&L requested a writ of mandamus that would require the commission to vacate its order granting permanent-total-disability compensation and either issue a new order denying compensation or, in the alternative, order a new hearing and allow R&L to conduct prehearing depositions.

{¶ 6}　The case was referred to a magistrate, who concluded that the reports of Dr. Soin and Dr. Rosen were unreliable and must be eliminated from evidentiary consideration.　But the magistrate determined that Dr. Berg's report provided some evidence to support the commission's finding that the claimant's

allowed psychological condition prevented him from working. The magistrate determined that the hearing officer had not been required to analyze the nonmedical disability factors in this case because the claimant's disability was based solely on his medical conditions and that the commission had not abused its discretion in denying R&L's motion to depose fact witnesses.

{¶ 7} The magistrate recommended that the court issue a writ of mandamus ordering the commission to amend its order to eliminate from consideration the reports of Dr. Soin and Dr. Rosen and to adjust the start date of the award to coincide with the date of Dr. Berg's report.

{¶ 8} R&L filed objections to the magistrate's decision. The court of appeals overruled the objections, adopted the magistrate's decision, and granted a writ of mandamus to the limited extent recommended by the magistrate.

{¶ 9} This matter is before the court on the direct appeal of R&L.

## II. Analysis

{¶ 10} R&L raises three issues for our review: whether the report of Dr. Berg constituted some evidence supporting the commission's finding of permanent total disability, whether the commission abused its discretion when it did not consider the claimant's failure to participate in retraining or rehabilitation, and whether the commission abused its discretion in denying R&L's motion to depose fact witnesses. In this section, we address each of these issues and R&L's motion for oral argument in this court.

### A. Report of Dr. Berg constituted some evidence of disability

{¶ 11} Dr. Berg, a clinical psychologist, evaluated the claimant and concluded that with regard to the allowed psychological condition in the claim, the claimant had reached maximum medical improvement and had 60 percent permanent impairment. Dr. Berg also determined that the claimant was between 50 and 65 percent impaired in four functional areas: activities of daily living; social

functioning; concentration, persistence, and pace; and the ability to adapt to a work setting.

{¶ 12} Dr. Berg also completed a preprinted "Occupational Activity Assessment" form. The form provided three options from which to select: The injured worker (1) has no work limitations, (2) is incapable of working, or (3) is capable of working with limitations as noted. Dr. Berg selected the second option—that the claimant was incapable of working. Dr. Berg then handwrote that the claimant had "moderate limitations in his ability to understand and follow verbal directions" and "marked limitations" in his ability to concentrate and be persistent, in his memory, in his ability to interact with others in a work setting, and in his ability to cope with routine work stress.

{¶ 13} R&L contends that Dr. Berg's report should be eliminated from consideration because it is vague, ambiguous, and internally inconsistent. R&L asserts that Dr. Berg may have selected the incorrect statement on the Occupational Activity Assessment form, since he listed the claimant's limitations, which are associated with the third option—an ability to work with limitations. R&L maintains that Dr. Berg's opinion cannot be conclusively determined from the body of his report or the Occupational Activity Assessment.

{¶ 14} The commission has exclusive authority to determine disputed facts regarding permanent total disability, including the authority to evaluate the weight and credibility of the evidence. Ohio Adm.Code 4121-3-34(D)(3)(c); *State ex rel. Burley v. Coil Packing, Inc.*, 31 Ohio St.3d 18, 20-21, 508 N.E.2d 936 (1987). Here, the hearing officer stated that Dr. Berg's report was neither ambiguous nor internally inconsistent and was persuasive evidence that the claimant was permanently and totally disabled.

{¶ 15} Dr. Berg examined the claimant, assigned a percentage of overall impairment, and identified levels of impairment in four functional areas. Dr. Berg checked the option on the Occupational Activity Assessment form that the claimant

was incapable of working, and although it was not necessary, Dr. Berg repeated the functional limitations that he had identified in the body of his report. Dr. Berg's report is not fatally ambiguous or inconsistent.

{¶ 16} R&L's theory that Dr. Berg may have checked the wrong option is speculative. We agree with the court of appeals that although it was not necessary for Dr. Berg to explain the claimant's limitations on the Occupational Activity Assessment form, there was nothing on the form that prohibited Dr. Berg from doing so. We must not second-guess the medical expertise of the doctor whose report is under review. *State ex rel. Young v. Indus. Comm.*, 79 Ohio St.3d 484, 487, 683 N.E.2d 1145 (1997).

{¶ 17} The commission did not abuse its discretion when it relied on Dr. Berg's report as some evidence of permanent total disability.

**B. Commission is not required to consider a claimant's failure to participate in retraining when disability is based solely on medical impairment**

{¶ 18} Although the commission may consider a claimant's nonparticipation in reeducation or retraining in its analysis of an injured worker's nonmedical disability factors, *see State ex rel. Wilson v. Indus. Comm.*, 80 Ohio St.3d 250, 253-254, 685 N.E.2d 774 (1997), when permanent total disability is based solely on the claimant's medical impairment, the commission is not required to consider nonmedical disability factors, *State ex rel. Gonzales v. Morgan*, 131 Ohio St.3d 62, 2011-Ohio-6047, 960 N.E.2d 951, ¶ 18.

{¶ 19} Because the commission decided the permanent-total-disability claim based solely on the claimant's medical impairment caused by the allowed conditions, it was not necessary for it to discuss the nonmedical disability factors. Thus, the commission did not abuse its discretion.

**C. Commission was not required to authorize depositions of witnesses**

{¶ 20} R&L argues that depositions should have been permitted in this case based on Ohio Adm.Code 4121-3-09(A)(2), which states, "The free pre-hearing

exchange of information relevant to a claim is encouraged to facilitate thorough and adequate preparation for commission proceedings." But Ohio Adm.Code 4121-3-09(A)(2) does not require that the exchange of information be through depositions.

{¶ 21} In this case, the commission was not required to permit R&L to depose fact witnesses prior to the hearing. R&L had the opportunity to obtain information through other discovery devices, and R&L was given the opportunity to cross-examine the witnesses at the hearing. Thus, the commission did not abuse its discretion when it denied R&L's request to take the depositions of two fact witnesses.

### D. Motion for oral argument

{¶ 22} Finally, we deny R&L's motion for oral argument. Granting oral argument in a direct appeal is subject to the court's discretion. S.Ct.Prac.R. 17.02(A). This case does not present an issue that necessitates oral argument, and the parties' briefs were sufficient to resolve the issues raised. *See State ex rel. Woods v. Oak Hill Community Med. Ctr., Inc.*, 91 Ohio St.3d 459, 460, 746 N.E.2d 1108 (2001).

### III. CONCLUSION

{¶ 23} Because R&L failed to demonstrate that the commission abused its discretion by entering an order not supported by some evidence in the record, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

O'DONNELL, J., dissents, with an opinion joined by KENNEDY, J.

_____

**O'DONNELL, J., dissenting.**

{¶ 24} Respectfully, I dissent.

{¶ 25} It is my view that this is a matter that should be scheduled for oral argument to better explore the core issue in this case.

{¶ 26} The majority opinion concludes, "The commission did not abuse its discretion when it relied on Dr. Berg's report as some evidence of permanent total disability." Majority opinion at ¶ 17.

{¶ 27} I would assert that reliance on this report is misplaced. Dr. Berg opined that the claimant had 60 percent permanent impairment with regard to the allowed psychological condition and between 50 and 65 percent impairment in four functional areas, including the ability to adapt to a work setting. Dr. Berg did not opine that these permanent *partial* impairments prevented the claimant "from engaging in sustained remunerative employment utilizing the employment skills that the employee has or may reasonably be expected to develop" such that the claimant qualified for permanent *total* disability compensation pursuant to R.C. 4123.58(C)(2).

{¶ 28} Dr. Berg completed and attached to his report a preprinted "Occupational Activity Assessment" form that is ambiguous and creates confusion as to whether the claimant is capable of engaging in sustained remunerative employment. The completed form states:

> Based solely on impairment resulting from the allowed mental and behavioral condition(s) in this claim * * *:
> ( )　　This Injured Worker has no work limitations.
> ( X )　This Injured Worker is incapable of work.
> ( )　　This Injured Worker is capable of work *with the limitations(s)/modification(s) noted below*:

> Claimant has the below-listed limitations based on the impairments arising from the allowed condition * * *.
>
> Claimant has moderate limitations in his ability to understand and follow verbal directions.
>
> He has marked limitations in his ability to concentrate and be persistent. He has marked limitations in memory and this is related to his difficulty with concentration.
>
> He has marked limitations in his ability to interact with others in a work setting.
>
> He has marked limitations in his ability to cope with routine work stress.

(Emphasis added.)

**{¶ 29}** Dr. Berg selected the second option by placing an "X" next to it, but then, consistent with the third option, he handwrote a list of the claimant's "limitations based on the impairments arising from the allowed condition" below the third option.

**{¶ 30}** The majority concludes that this list of limitations does not render Dr. Berg's report "fatally ambiguous or inconsistent," majority opinion at ¶ 15, and the majority notes that nothing on the preprinted form prohibited Dr. Berg from explaining the claimant's limitations if he selected the second option and that this court must not "second-guess the medical expertise of the doctor whose report is under review," majority opinion at ¶ 16.

**{¶ 31}** However, questioning whether a doctor mistakenly placed an "X" next to a preprinted option on a form when a different option is consistent with his report and handwritten notes on the form is not second-guessing the medical expertise of the doctor; rather, it is an acknowledgment of the ambiguity that exists regarding the doctor's opinion. Without clarification of Dr. Berg's ambiguous

8

statements, his opinion is equivocal, and " 'equivocal medical opinions are not evidence' " in the context of a workers' compensation case. *State ex rel. Marchiano v. School Emps. Retirement Sys.*, 121 Ohio St.3d 139, 2009-Ohio-307, 902 N.E.2d 953, ¶ 34, quoting *State ex rel. Eberhardt v. Flxible Corp.*, 70 Ohio St.3d 649, 657, 640 N.E.2d 815 (1994).

**{¶ 32}** Accordingly, I would schedule the matter for oral argument to examine the core issue of whether the Industrial Commission abused its discretion in relying on Dr. Berg's ambiguous report on the question whether the claimant is prevented from engaging in sustained remunerative employment. I would not rule on the issue whether the commission abused its discretion until after oral argument.

KENNEDY, J. concurs in the foregoing opinion.

_____

Reminger Co., L.P.A., and Melvin J. Davis, for appellant.

Michael DeWine, Attorney General, and Lisa R. Miller, Assistant Attorney General, for appellee Industrial Commission.

Fox & Fox Co., L.P.A., and Bernard C. Fox Jr.; and Brent P. Martini, for appellee Terry Phillips.

_____